**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INMOTION IMAGERY TECHNOLOGIES, LLC, § § § § Plaintiff, § § v. § § NETFLIX, INC., § § Defendant. § | **CIVIL ACTION NO. 2:12-cv-151** **JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff InMotion Imagery Technologies, LLC (hereinafter, "InMotion" or "Plaintiff") by and through its undersigned counsel, files this Complaint for Patent Infringement against Netflix, Inc. (hereinafter, "Netflix" or "Defendant"), as follows:

**NATURE OF THE ACTION**

1.   This is a patent infringement action to stop Netflix's infringement of Plaintiff's United States Patent No. 6,574,416 (hereinafter, "the '416 patent"), entitled "Picture-Based Video Indexing System."  A copy of the '416 patent is attached hereto as Exhibit A.  InMotion is the assignee of the '416 patent.  Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

2.   Plaintiff InMotion is a limited liability company organized and existing under the laws of Texas with its principal place of business at 104 East Houston Street, Suite #175,

Marshall, Texas 75670.  InMotion is the assignee of all title and interest of the '416 patent. Plaintiff possesses the entire right to sue for infringement and recover past damages.

3. Upon information and belief, Defendant Netflix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 100 Winchester Circle, Los Gatos, California 90532.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because Defendant has minimum contacts within the State of Texas, and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's cause of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6. More specifically, Netflix, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas.  Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas and/or has induced others to commit patent infringement in the State of Texas and in the Eastern

District of Texas.  Defendant solicits customers in the State of Texas and in the Eastern District of Texas.  Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

7.  Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

8.  United States Patent No. 6,574,416, entitled "Picture-Based Video Indexing System," was duly and legally issued by the United States Patent and Trademark Office on June 3, 2003 after full and fair examination.  Plaintiff is the assignee of all rights, title, and interest in and to the '416 patent and possesses all rights of recovery under the '416 patent including the right to sue for infringement and recover past damages.

9.  Upon information and belief, Netflix has infringed and continues to infringe one or more claims of the '416 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, by separately storing a subset of frames of a video program, and displaying frames from the subset rather than corresponding frames of the video program when the video is sequenced at a rate in excess of playback speed.  Upon information and belief, Netflix has also contributed to the infringement of one or more claims of the '416 patent and/or actively induced others to infringe one or more claims of the '416 patent, in this district and elsewhere in the United States.

10.  Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

11. Plaintiff is entitled to recover from Netflix the damages sustained by Plaintiff as a result of Netflix's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

12. Defendant's infringement of Plaintiff's exclusive rights under the '416 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

13. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Netflix, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '416 patent has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or by others to whose infringement the Defendant has contributed and/or by others whose infringement has been induced by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. That one or more of the Defendant's acts of infringement be found to be willful from the time that Defendant's became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '416 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. Any further relief that this Court deem just and proper.

Dated: March 21, 2012  Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
**THE DAVIS FIRM P.C.**
111 W. Tyler St.
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
E-mail: bdavis@bdavisfirm.com

Of Counsel:

Douglas L. Bridges
GA Bar No. 080889
**HENINGER GARRISON DAVIS, LLC**

169 Dauphin Street, Suite 100
Mobile, Alabama 36602
Telephone: (251) 298-8701
Facsimile: (205) 547-5504
Email: dbridges@hgdlawfirm.com

Jacqueline K. Burt
GA Bar No. 425322
**HENINGER GARRISON DAVIS, LLC**
3350 Riverwood Parkway, Suite 1900
Atlanta, Georgia 30339
Telephone: (404) 996-0860
Facsimile: (204) 547-5503
Email:  jknapp@hgdlawfirm.com